UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN R. SCHMIDT,

      Appellant,

v.             Case No. 14-CV-1225-JPS

BADGER MUTUAL INSURANCE CO.,
WATERSTONE BANK SSB,
GORAN DRAGISIC, and
NICOLE L. DRAGISIC,      ORDER

      Appellees.

   This bankruptcy appeal arises from Judge Pepper's orders dismissing two adversary proceedings in the appellant's underlying Chapter 13 bankruptcy case. If only things were so easy. The procedural posture of this case is, as one of the appellees puts it, "convoluted." (Docket #7 at 5). Convoluted or not, however, the Court will dismiss this appeal for two reasons, which will be outlined more fully below.

1.  BACKGROUND

   The debtor, Steven R. Schmidt ("Schmidt"), filed a petition for bankruptcy relief under Chapter 13 on November 19, 2013. (Docket #1-1 at 2.). On March 3, 2014, Schmidt filed two adversary complaints concerning state court cases that *he himself* had filed. *Id.* at 4. One of the adversary cases was against appellees Badger Mutual Insurance Co. and Goran and Nicole Dragisic.; the other was against Waterstone Bank SSB. *Id.*

   As Judge Pepper has summarized in her October 2, 2014 order, she dismissed Schmidt's adversary complaints—in response to twin motions to dismiss filed in each adversary proceeding—after she "attempted to explain to Mr. Schmidt—again—that (a) [the court] had no independent jurisdiction

to hear medical malpractice claims, state law fraud claims, or foreclosure claims, and (b) that it had no jurisdiction or ability to somehow hail into federal court the cases Mr. Schmidt himself had filed in state court." *Id.* at 5. On June 30, 2014, fourteen days after Schmidt's adversary complaints were dismissed, he filed a "Notice of Appeal to the Seventh Circuit Court of Appeals…" in the underlying bankruptcy case; the notice, however, stated that Schmidt wanted to appeal, *inter alia*, the two orders dismissing his adversary complaints. *Id.* at 7-8.

On July 3, 2014, Judge Pepper sent Schmidt a letter explaining that if he wanted to appeal directly to the Seventh Circuit "he needed to comply with the procedures in Federal Rule of Bankruptcy Procedure 8001(f)." *Id.* at 8. And, "the bankruptcy court would take no further action on his appeal, given that he'd not complied with those procedures." *Id.* at 8-9.

On July 14, 2014, Judge Pepper dismissed Schmidt's underlying Chapter 13 case in response to the trustee's motion to dismiss. *Id.* at 7. The court dismissed the Chapter 13 proceedings because "[b]y the time the trustee filed her motion to dismiss,…[Schmidt] had been…enjoying the protections of the automatic stay[] for seven (7) months," had not proposed a sufficient plan "or made clear how the trustee ought to pay the claims of his creditors," and had not made a plan payment although six were past due. *Id.* at 6-7.

Schmidt filed a "2nd Notice of Appeal…" on July 31, 2014, and the content of this pleading was substantially similar to the content of Schmidt's June 30, 2014 filing. *Id.* at 9. Schmidt continued to file motions and requests with the bankruptcy court long after his underlying Chapter 13 case had been dismissed. *See id.* at 9-10.

On October 2, 2014, Judge Pepper issued an order discussing the entirety of Schmidt's case. *Id.* at 10-17. And, as relevant here, the bankruptcy court decided to permit Schmidt to appeal the dismissal of his adversary proceedings due to the court's misunderstanding of his June 30, 2014 filing. Judge Pepper stated:

> What has become clear to the bankruptcy court is that Mr. Schmidt tried, prior to the date that this Court dismissed his bankruptcy case, to file a standard bankruptcy appeal from the bankruptcy court's dismissal of his adversary complaints. While those complaints did not state claims upon which the bankruptcy court could grant relief, and thus the bankruptcy court had no choice but to dismiss them, the Bankruptcy Code allowed Mr. Schmidt the opportunity to appeal that decision. …Had the court [more fully understood Schmidt's intent, he] would at least have gotten the opportunity to find out whether the district court agreed with the bankruptcy court.
>
> The Court is going to give Mr. Schmidt that opportunity. The Court will not reopen his Chapter 13 bankruptcy case—Mr. Schmidt has never responded to the trustee's motion to dismiss, and the bankruptcy court dismissed the case because it had grounds to do so…(no plan payments, no amended plan filed by the court-ordered deadline). What the Court *will* do is retract its July 3, 2014 letter…[and] ask the clerk's office to begin processing Mr. Schmidt's June 30, 2014 notice of appeal.

Id. at 14.

Schmidt's appeal was docketed on October 2, 2014 (Docket #1), and the clerk's office issued a briefing letter on October 3, 2014 (Docket #2), requiring Schmidt's brief to be filed by October 16, 2014. *Id.* Schmidt missed that deadline, but he did file a motion on October 29, 2014 , requesting the Court to order a continuance of the bankruptcy stay and to permit him to dispose of a vehicle. (Docket #3); *see also* (Docket #4 at 2).

On January 6, 2015, the Court warned Schmidt that he had not filed a proper brief and that he was required to do so within seven days, or he would face dismissal of his appeal. (*See* Docket #4 at 2). In that order, the Court also denied Schmidt's October 16, 2014 motion, explaining that "[t]he relief the appellant request[ed] [was] outside the realm of possibility for this Court." *Id.*

Schmidt filed a "brief"—in the loosest sense of the word—on January 13, 2015. (Docket #5). Badger Mutual filed a response on January 26, 2015, and Waterstone filed its response one day later. (*See* Docket #6, #7). On February 9, 2015, Schmidt filed a motion "for a Response Status to my Pleadings and Objections to Case Dismissal," presumably in lieu of, or as his reply brief. (Docket #8). And, on March 9, 2015, Schmidt filed his objections "to Case Dismissals and Demand to Have Cases Heard in Federal Court." (Docket #9).

2. ANALYSIS

This Court is granted jurisdiction to hear an appeal of a bankruptcy court's order under 28 U.S.C. § 158(a); that is, appeals of, *inter alia*, "final judgments, orders and decrees." *Id.* "An order dismissing an adversary proceeding is a final order as it ends the litigation on the merits of the complaint." *In re Hamilton*, 399 B.R. 717, 720 (1st Cir. BAP 2009). A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo. See, e.g., In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002).

2.1     Schmidt's Failure to Comply with Bankruptcy Rule 8014[1]

Rule 8014(a) requires "that a brief on appeal include, *inter alia*, a table of contents, a statement of the basis for appellate jurisdiction, a statement of the case, and an argument." *In re Gulph Woods Corp.*, 189 B.R. 320, 322 (E.D. Pa. 1995); *see* Rule 8014(a). This rule "is not only a technical or aesthetic provision," but is substantive in intention and nature; the rule provides the opposing party and the court "some indication of which flaws in the appealed order or decision motivate the appeal." *Id.* at 323; *see also Interface Group-Nevada v. Trans World Airlines, Inc. (In Re Trans World Airlines, Inc.)*, 145 F.3d 123 (3d Cir. 1998) (noting that Rule 8014 ensures that appellate courts understand and are fully advised of the appellant's contentions on appeal); *cf. Slack v. St. Louis Cty. Gov't*, 919 F.2d 98, 99 (8th Cir. 1990) ("Appellate rules governing the form of briefs do not exist merely to serve the whimsy of appellate judges. Some of the requirements…are essential for the proper disposition of an appeal.").

Numerous courts have found that failure to comply with Rule 8014(a) provides grounds for dismissing a bankruptcy appeal. *See, e.g. In re Stoler and Co.*, 166 B.R. 114, 116-17 (N.D. Ill. 1994); *A. Marcus, Inc. v. Farrow*, 94 B.R. 513, 515 (N.D. Ill. 1989); *In re Ross*, No. 02-4326, 2004 WL 6030762, at *3-4 (1st Cir. BAP 2004); *In re Gulph Woods*, 189 B.R. at 323; *Suncoast Airlines, Inc. v. Atkinson & Mullen Travel, Inc. (In re Suncoast Airlines, Inc.)*, 188 B.R. 56, 58 (S.D. Fla. 1994); *cf. In re Morrissey*, 349 F.3d 1187, 1190-91 (9th Cir. 2003). Indeed, this Court has found that it would be appropriate to dismiss a bankruptcy appeal "simply based on [the] failure to comply with the rules governing

---

[1]This rule—prior to 2015— was Bankruptcy Rule 8010.

bankruptcy appeals." *Larsen v. Jendusa-Nicolai*, 442 B.R. 905, 911 (E.D. Wis. 2010).

Here, there is no question that Schmidt has failed to comply with Rule 8014. As Waterstone Bank SSB's brief aptly notes, "Mr. Schmidt's filing is woefully inadequate.…[and] is practically entirely composed of his narrative regarding his views on the current state of affairs…" (Docket #7 at 7).

To begin, while Schmidt did comply with the requirement that his brief have a table of contents, his table references pages that do not exist and indeed, the table cites to pages in the brief that do not represent the purported section. The rest of the brief fails to address this Court's jurisdiction and what facts support Schmidt's claim that the bankruptcy court erred in dismissing his adversary proceedings.

What is clear to the Court is that Schmidt believes that every court that hears his claims has jurisdiction over all other claims he has filed in other courts, state or federal. (*See generally* Docket #5). To be clear, this is simply not the case; every court, high and low, is one of limited jurisdiction. As Judge Posner has stated:

> It would be delightful, but irresponsible in the extreme, for us to ignore the limits on our jurisdiction, forget the rules intended to prevent us from ignoring those limits, direct the Clerk of the Court to tear out the parties' jurisdictional statements before distributing the briefs to us, and jump directly to the merit of any case that the parties would like to litigate in federal court.

*Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). Additionally, federal courts are not sounding boards where parties may air all of their complaints about the state of the law, especially when those complaints are not even obliquely related to the underlying proceedings. Judge Pepper repeatedly told him the same, apparently to no avail.

Schmidt's later filings also deviate into the absurd. (*See* Docket #8 at 5) ("Therefore I also move the courts to dissolve the WaterStone mortgage loan after due process of federal laws and protections…"); (Docket #9 at 1) ("This appeal…involves [f]ederal jurisdiction involving secret federal banking laws & remedies that are not accessible to average citizens of the United States of America…and the state civil courts that have heard bank foreclosure fraud evidence have not intervened with remedies or protections…"). These arguments are of the same kind and tenor as those Schmidt attempted before the bankruptcy court. They were rebuffed there (*see* Docket #1-1 at 3), and have no place here, either.

Because Schmidt has failed to follow Bankruptcy Rule 8014 and instead has provided the Court with inadequate, mostly irrelevant and confusing filings, it would be proper to dismiss his appeal on that basis alone. *See, e.g., In re Ross*, 2004 WL 6030762, at *4 ("It is not the duty of [an appellate court] to develop the Debtor's arguments for him, find the legal authority to support those arguments, or guess at what part of the record may be relevant."). But, as the Court has done in similar cases, it will briefly touch on another reason why Schmidt's appeal fails. *See Larsen*, 442 B.R. at 911 (finding it appropriate to dismiss an appeal for failure to follow the bankruptcy rules, but continuing to the merits "in the interest of completeness").

2.2     Schmidt's Appeal is Moot

As the Court noted above, the procedural posture of this case is odd. Namely, the bankruptcy court permitted Schmidt to appeal the dismissal of his adversary proceedings nearly four months after his notice of appeal—a notice that was substantively ineffective *ab initio*—and nearly three months after the dismissal of Schmidt's underlying Chapter 13 case. While Schmidt's

appeal was revived many days after its death, that is where the similarity to the story of Lazarus ends.

Judge Pepper dismissed Schmidt's bankruptcy case in July of 2014, and in her October 2, 2014 order she explicitly stated that she would not reopen it because "Mr Schmidt [has never] responded to the trustee's motion to dismiss, and the bankruptcy court had grounds to do so under the Bankruptcy Code." (Docket #1-1 at 14). In the Court's view, Judge Posner's words are again informative: "when the bankruptcy proceeding is dismissed, the adversary claim (when based solely on state law) is like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him." *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995). Thus, when the bankruptcy proceeding ends (except in certain circumstances), "the adversary proceeding [becomes] a dispute of no interest to anyone except the two adversaries" when it revolves around the meaning of issues without "even a remote federal interest." *Id.* at 82.

That is the case here, given that Judge Pepper stated—regarding Schmidt's adversary proceedings—that the bankruptcy court had no jurisdiction to hear "medical malpractice claims, state law fraud claims, or foreclosure claims," nor the "jurisdiction to somehow hail into federal court the cases [that] Mr. Schmidt himself had filed in state court." (Docket #1-1 at 5). And she later followed that up by making clear the mootness of Schmidt's appeal of his adversary proceedings after the dismissal of his Chapter 13 case. *See id.* at 13 (noting that Schmidt's attempt to appeal the dismissal of the adversary complaints was flawed because the adversary cases "were dependent entirely upon the existence of an open and active bankruptcy

case. Once a bankruptcy case is dismissed, the adversary proceeding[s] (with certain very specific and rare exceptions) become[] moot.").

And, many courts have held that the dismissal of the underlying bankruptcy case terminates any jurisdiction over adversary proceedings, except in limited circumstances. *See In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995) ("Dismissal of a bankruptcy proceeding normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings, but this general rule is not without exceptions.") (citing *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992)); *Chapman*, 65 F.3d at 80-81; *In re Hamilton*, 399 B.R. 717, 720 (1st Cir. BAP 2009); *In re Porges*, 44 F.3d 159, 162-63 (2d Cir. 1995); *In re Querner*, 7 F.3d 1199 (5th Cir. 1993). And, none of those limited circumstances apply here, as Judge Pepper implicitly held that she was not exercising "related to" jurisdiction over Schmidt's adversary proceedings, or otherwise retaining jurisdiction over the proceedings. *See In re Hamilton*, 399 B.R. at 720.

Even were the Court to entertain the legal fiction in which this appeal arose, the subsequent dismissal of Schmidt's Chapter 13 case makes this situation analogous to the Chapter 13 case being dismissed *while a party appeals dismissal of an adversary proceedings*. And, in those cases, "[a]n appeal of an order dismissing an adversary proceeding is not rendered moot by dismissal of the underlying bankruptcy case if the issue is ancillary to the bankruptcy and the [appellate court] can fashion some form of relief." *Id.*; *In re Melo*, 496 B.R. 253, 256 (1st Cir. BAP 2013); *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 901 (9th Cir. 2001); *In re Iannini*, 435 Fed. Appx. 75, 77-78 (3d Cir. 2011).

Here, Schmidt has not argued how this Court could grant any effective relief to him, given that his Chapter 13 case was dismissed for failings *on his part, see In re Ianninni*, 435 Fed. Appx. at 78, and the adversary proceedings were non-starters to begin with. While the dismissal of Schmidt's bankruptcy case did not occur while this appeal was pending, the posture of this case makes that a distinction without a difference. Accordingly, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Lacking any way to fashion appropriate relief for Schmidt—a situation Judge Pepper foreshadowed throughout her orders—Schmidt's appeal must be dismissed.

3. CONCLUSION

While the Court is cognizant of the challenges Schmidt faces as a *pro se* litigant (especially when appealing a bankruptcy order), the Court is simply without authority to grant the relief he seeks,

In light of the foregoing, the Court is obliged to dismiss Schmidt's appeal. Accordingly,

IT IS ORDERED that this appeal be and the same is hereby DISMISSED for the reasons noted above.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge